### Seevers v. Seevers
*[Cite as 8 AOA 712]*

*Case No. CA90-04-007*
*Clinton County, (12th)*
*Decided December 24, 1990*

Donald G. Mayer, Hart & Mayer, 123 West Main Street, P.O. Box 289, Wilmington, Ohio 45177, for Plaintiff-Appellant.

James P. Miller, Buckley, Miller & Wright, 145 North South Street, P.O. Box 311, Wilmington, Ohio 45177, for Defendant-Appellee.

*Per Curiam.*

Plaintiff-appellant, Leslie J. Seevers, appeals the dismissal of her complaint in partition by the Clinton County Court of Common Pleas. The court rendered the dismissal March 15, 1990, after determining that the Ohio real estate which was the subject of the partition action had previously been awarded to defendant-appellee, Bruce A. Seevers, in a dissolution decree issued by a Colorado court.

The facts indicate that these parties were briefly married in 1987 and moved from Ohio to Colorado. Prior to, and in contemplation of the marriage, appellee had conveyed to appellant joint and survivorship interest in real estate located in Sabina, Ohio. On November 20, 1987, appellee filed a dissolution action in Arapahoe County District Court in Colorado. Appellant was personally served process in Colorado shortly thereafter. Appellant then left Colorado on November 23, 1987, and returned to Ohio without ever answering the complaint.

On June 2, 1988, the Colorado court issued a dissolution decree.[1] In the decree, the court determined it had personal jurisdiction over the parties' Ohio property, and awarded such property to appellee. Appellant filed her complaint in partition in Clinton County on the same day. The Clinton County Court of Common Pleas dismissed the complaint on the ground that because appellant was properly served process in Colorado, the Colorado court had personal jurisdiction over her and could dispose of the marital property in Ohio.

Appellant then commenced this appeal, assigning the following as error:

"The trial court erred to the prejudice of Plaintiff-Appellant in ordering dismissal of her complaint in partition as part of its Judgment Entry dated March 15, 1990."

We conclude that the trial court correctly found that the Colorado court had jurisdiction over the Ohio property. In so holding, we rely upon this court's previous decision in *Merritt v. Cottee* (Apr. 16, 1990), Clermont App. No. CA89-07-061, unreported, in which we determined that where the nonresident spouse appears or participates in the foreign action, any judgment arising therefrom is *res judicata* as to all questions involving the marital relationship. *Id.,* citing *Wood v. Wood* (1963), 174 Ohio St. 318.

In *Merritt,* the Ohio spouse had answered a Nevada divorce complaint, thereby submitting to the personal jurisdiction of the Nevada court. The Nevada court then granted the divorce and ordered property division pursuant to this jurisdiction. The Ohio spouse then filed a divorce complaint in Ohio contesting the validity of the Nevada divorce decree and seeking an equitable distribution of the marital property located in Ohio. The trial court determined that since the Ohio spouse was served with the Nevada action and answered the complaint in Nevada, the Ohio spouse had consented to the personal jurisdiction of the Nevada court, which could then divide the marital property. We affirmed on the basis that the Full Faith and Credit Clause of the United States Constitution gives judgments rendered by sister states equal authority.

Although appellant herein did not respond in any way to the Colorado dissolution complaint, she was nevertheless subject to the personal jurisdiction of the Colorado court because she was served process while domiciled in that state. *Johnson v. Muelberger* (1951), 340 U.S. 581, 587, 71 S.Ct. 474, 477-478 (where party to divorce is personally served in the state in which divorce proceeding is commenced, personal jurisdiction by that state is obtained and judgment may not be collaterally attacked).

Finding that the trial court correctly determined that it was required to give full faith and credit to the orders of the Colorado court, we overrule appellant's assignment of error.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

JONES, P.J., HENDRICKSON and KOEHLER, J.J., concur.

---

[1] Although designated a "dissolution," the Colorado action was based upon statutory provisions permitting what is otherwise known as a "no-fault divorce." Such a decree may be granted *ex parte.* Ohio's dissolution provisions are dissimilar in that agreement of the parties, with court appearance by both, is required before the marriage may be dissolved. See R.C. 3105.63; Colo. Rev. Stat. 14-10-106, -107 (1989); Baldwin's Ohio Domestic Relations Law, 226, Section 21.01; 24 American Jurisprudence 2d, Divorce and Separation, Section 2 (1983).